DOUGLAS E. GEYMAN (SBN: 159417)
Law Office of Douglas E. Geyman
750 B Street, Suite 2635
San Diego, CA 92101
Telephone: (619) 232-3533

Attorney for Plaintiff FRANCISCO BRIZUELA

FILED
07 DEC 11 AM 11:05
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: [signature] DEPUTY

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

'07 CV 2313 JLS (POR)

| | |
|---|---|
| FRANCISCO BRIZUELA, an individual<br><br>Plaintiff,<br><br>v.<br><br>JOHN E. POTTER, POSTMASTER GENERAL, UNITED STATES POSTAL SERVICE, and DOES 1 Through 50, inclusive,<br><br>Defendant. | CIVIL NO.:<br><br>**COMPLAINT FOR:**<br><br>1) UNLAWFUL EMPLOYMENT DISCRIMINATION BASED ON NATIONAL ORIGIN (42 USC §2000e , *et seq.*);<br><br>2) BREACH OF CONTRACT; and<br><br>3) BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING.<br><br>**JURY TRIAL DEMANDED** |

Plaintiff FRANCISCO BRIZUELA ("Brizuela" or "Plaintiff"), for his complaint alleges as follows:

1. Plaintiff brings this action pursuant to the provisions of 42 USC §2000e , *et seq.* ("The Civil Rights Act") to obtain such legal and equitable relief as will effectuate the purposes of the aforementioned statute.

////

////

## JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 and 29 USC § 62(c)).

3. Venue in the United States District Court for the Southern District of California is proper under 28 U.S.C. § 1391(b).

## THE PARTIES

4. Plaintiff FRANCISCO BRIZUELA ("Plaintiff" or "BRIZUELA") is an individual residing in the State of California, County of San Diego.

5. Plaintiff is informed and believes and thereon alleges that defendant UNITED STATES POSTAL SERVICE ("Defendant" or "Post Office") is, and all times relevant herein was, a public entity established by the Executive Branch of the United States Government.

6. At all times relevant herein, Plaintiff and Defendants were parties to that certain written agreement entered into on or about June 18, 1985 in settlement of Plaintiff's employment discrimination complaint filed with the Equal Employment Opportunity Commission ("EEOC"), Case No. 3-1-3246.5 ("Settlement Agreement").

## PROCEDURAL AND FACTUAL BACKGROUND

7. Plaintiff is a member of the protected class of national origin under under 42 USC §2000e , *et seq.*

8. On on about April 26, 1985, Plaintiff filed a complaint for discrimination with the EEOC and against the Post Office based on his national origin (El Salvador), Case No. 3-1-3246.5 (The Discrimination Complaint").

9. On or about June 18, 1985, Plaintiff and Defendant entered into the Settlement Agreement in resolution of The Discrimination Complaint.

10. The terms of the Settlement Agreement provided that upon completion of Plaintiff's military duty on or about July 22, 1985, Plaintiff would be eligible to submit a request for reinstatement to his position as a PTF Career Mail Handler with the Amarillo, Texas Post Office. The Post Office agreed that upon Plaintiff's request for reinstatement, Plaintiff would receive "<u>full</u>, <u>fair</u>, and just consideration" for reinstatement. (Emphasis in

original.) The Post Office also agreed that Plaintiff would "experience no acts of reprisals and/or retaliation for seeking redress through the EEO Complaint Process." (Emphasis in original.)

11. In or about of about July 1985, Plaintiff sought reinstatement to his position with the Post Office, per the terms of the Settlement Agreement. In response to Plaintiff's reinstatement request, The Amarillo Post Office stated that it was not hiring new employees, but that it would keep Plaintiff's reinstatement request on file for one year.

12. Nothing in the Amarillo Post Office's response to Plaintiff's request for reinstatement in July 1985 restricted or changed the terms of the Settlement Agreement, which terms were not restricted by date or passage of time.

13. At no time following the initial request for reinstatement was Plaintiff contacted by the Amarillo Post Office to advise on the status of Plaintiff's reinstatement request.

14. At no time following Plaintiff's initial request for reinstatement was Plaintiff reinstated to a position of Mail Handler with the Amarillo Post Office.

15. In or about 2000, Plaintiff sought information related to the status of his reinstatement request. The Post Office responded that it could find no record of Plaintiff's reinstatement request, and informed Plaintiff for the first time that he was required to request reinstatement within one year of his first request to remain active, which directly contradicted the terms of the Settlement Agreement.

16. In or about February 2001, Plaintiff provided copies of his initial request for reinstatement, the Settlement Agreement, and a letter dated July 31, 1985 from Postmaster Donald Bloyd informing Plaintiff that the Post Office was not hiring new employee. Plaintiff again sought reinstatement to his Position with the Post Office. The Amarillo Post Office responded by directing Plaintiff to contact the Post Office Human Resources Department in San Diego, since Plaintiff's most recent application for reinstatement was made in San Diego where Plaintiff currently lives.

17. In or about March 2002, Plaintiff underwent examination, was approved for,

and placed on the register to be installed as a Custodian and Laborer with the San Diego Post Office.

18. In application for a position with the San Diego Post Office, Plaintiff's disclosed his prior employment with the Amarillo Post Office.

19. In reliance upon the terms of the Settlement Agreement which stated that Plaintiff would "experience no acts of reprisals and/or retaliation for seeking redress through the EEO Complaint Process," Plaintiff responded "no" in his application for employment with the San Diego Post Office to a question related to being fired from any job for any reason.

20. In or about October 2004, Plaintiff received a letter from the San Diego Post Office stating that it had reviewed Plaintiff's Official Personnel File ("OPF") which included a statement from the Amarillo Post Office that Plaintiff had been "terminated during probation on April 3, 1985 by virtue of disqualification for failing to satisfactorily qualify for the position of PTF Mailhandler." The San Diego Post Office requested that Plaintiff provide a "detailed explanation" Amarillo employment history, and that failure to provide the requested explanation would result in Plaintiff's name being removed from the postal employment registers.

21. At no time since entering into the Settlement Agreement was Plaintiff reinstated into the position of Mail Handler with the San Diego Post Office.

22. Plaintiff believes and thereon alleges that the Post Office failed and refused, and continues to fail and refuse, to reinstate him into the position of mail handler based on his national origin, and in violation of the terms of the Settlement Agreement.

23. Plaintiff believes and thereon alleges that his ability to obtain reinstatement to a mail handler position with the San Diego Post Office is because of negative and unfavorable information related to his employment experience with the Amarillo Post Office maintained by the Post Office in his Official Personnel File, in violation of the terms of the Settlement Agreement.

24. On or about February 13, 2006, Plaintiff filed a letter complaint with the Post

Office alleging that the it had breached the Settlement Agreement.

25. On or about April 6, 2006, The Post office issued it Final Agency Decision, from which Plaintiff timely appealed to the EEOC.

26. On or about September 10, 2007, the EEOC issued its appeal Decision and granted Plaintiff the right to bring suit in United States District Court.

**COUNT I**

**Unlawful Employment Discrimination Based on National Origin**

**(42 USC §2000e , *et seq.*)**

27. Plaintiff incorporates herein by references paragraphs 1 through 26 as though fully set forth herein.

28. Plaintiff's employment with the Amarillo Post Office was terminated in or about April 1985, at which time Plaintiff filed a complaint for employment discrimination based on his national origin (El Salvador).

29. National origin is a protected class under 42 USC §2000e , *et seq*.

30. In settlement of The Discrimination Complaint, Plaintiff entered into the Settlement Agreement, as alleged herein.

31. After and since entering into the Settlement Agreement, the Post Office failed and refused, and continues to fail and refuse to reinstate Plaintiff to the position of Mail Handler.

32. Plaintiff believes and thereon alleges that the Post Office continues to discriminate against him based on his national origin, and in violation of the terms of the Settlement Agreement.

33. Plaintiffs claims of employment discrimination are supported by the acts alleged herein.

34. As a result of Defendant's discriminatory acts, Plaintiff has suffered economic and other losses, including, but not limited to, lost earnings, loss of leave time and other employment benefits, lost retirement benefits and privileges, damages for emotional distress, humiliation and mental anguish, in an amount not less than Five Hundred Thousand Dollars

($500,000.00) in compensatory damages.

**COUNT II**

**Breach of Contract**

35. Plaintiff incorporates herein by references paragraphs 1 through 34 as though fully set forth herein.

36. Plaintiff and Defendant agreed to terms of the Settlement Agreement.

37. Pursuant to the terms of the Settlement Agreement, Defendant agreed to fully and fairly consider Plaintiff for reinstatement to his position as Mail Handler, and further to ensure tht Plaintiff was not made to experience any "acts of reprisal and/or retaliation for seeking redress through the EEO Complaint Process."

38. Pursuant to the terms of the Settlement Agreement, Plaintiff agreed to withdraw his employment discrimination complaint filed with the EEOC and waive all rights attendant thereto.

39. Plaintiff has performed as specified in the Settlement Agreement.

40. Defendant failed to perform, and continues to fail to perform, as specified in the Settlement Agreement.

41. Plaintiff's claims of Defendant's breach of the terms of the Settlement Agreement are supported by the acts alleged herein.

42. As a result of Defendant's failure to perform as specified in the Settlement Agreement, Plaintiff has suffered economic and other losses, including, but not limited to, lost earnings, loss of leave time and other employment benefits, lost retirement benefits and privileges, damages for emotional distress, humiliation and mental anguish, in an amount not less than Five Hundred Thousand Dollars ($500,000.00) in compensatory damages.

**COUNT III**

**Breach of the Implied Covenant of Good Faith and Fair Dealing**

43. Plaintiff incorporates herein by references paragraphs 1 through 42 as though fully set forth herein.

44. The Settlement Agreement contained an implied covenant of good faith and fair dealing which obligated the Defendant to perform the terms and conditions of the agreement fairly and in good faith, and to refrain from doing any act that would prevent or impede plaintiff from performing any and all of the conditions of the contract that he agreed to perform, or any act that would deprive plaintiff of the benefits of the Settlement Agreement.

45. The Settlement Agreement required that Defendant take steps to ensure that Plaintiff not be made to experience "acts of reprisal and/or retaliation for seeking redress through the EEO Complaint Process."

46. Plaintiff reasonably expected that Defendant would take steps to ensure that Plaintiff not be made to experience "acts of reprisal and/or retaliation for seeking redress through the EEO Complaint Process."

47. Defendant breached the implied covenant of good faith and fair dealing under the Settlement Agreement.

48. Plaintiff's claim of breach of the implied covenant of good faith and fair dealing is supported by the acts alleged herein.

49. Defendant's acts were intentionally malicious, without cause, and in bad faith, and were intended to deprive plaintiff of employment and other benefits under the Settlement Agreement.

50. As a result of Defendant's discriminatory acts, Plaintiff has suffered economic and other losses, including, but not limited to, lost earnings, loss of leave time and other employment benefits, lost retirement benefits and privileges, damages for emotional distress, humiliation and mental anguish, in an amount not less than Five Hundred Thousand Dollars ($500,000.00) in compensatory damages.

///

///

///

## PRAYER FOR RELIEF

WHEREFORE Plaintiffs prays for relief as follows:

1. For reinstatement to his position as Mail Handler with the Post Office:

2. For compensatory damages, including, but not limited to, lost earnings, lost leave time and other benefits including lost retirement benefits and privileges, damages for emotional distress, humiliation and mental anguish, all in an amount not less than Five Hundred Thousand Dollars ($500,000.00).

3. For back pay retroactive to the date Plaintiff first requested reinstatement to his position as Mail Handler;

4. For reasonable attorneys fees;

5. For costs of suits;

6. For such other and further relief as the Court may deem appropriate.

December 10, 2007 LAW OFFICES OF DOUGLAS E. GEYMAN

By: ________________________

Douglas E. Geyman, Esq.
Attorney for Plaintiff FRANCISCO BRIZUELA

**UNITED STATES DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 145371 - SR**

**December 11, 2007**
**11:07:35**

**Civ Fil Non-Pris**
USAO #.: 07CV2313 CIV. FIL.
Judge..: JANIS L. SANMARTINO
Amount.: $350.00 CK
Check#.: BC#4204

**Total-> $350.00**

FROM: BRIZUELA V. POTTER, DOES 1 - 5
CIVIL FILING

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
FRANCISCO BRIZUELA

**DEFENDANTS**
JOHN E. POTTER, POSTMASTER GENERAL, UNITED STATES POSTAL SERVICE, AND DOES 1 THROUGH 50, INCLUSIVE,

(b) County of Residence of First Listed Plaintiff SAN DIEGO
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
DOUGLAS E. GEYMAN - 750 B STREET, SUITE 2635, SAN DIEGO, CA 92101

Attorneys (If Known) '07 CV 2313 JLS (POR)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☒ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
42 USC §2000e, et seq.
Brief description of cause:
Plaintiff claims that he was discriminated against by his employer.

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 **DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE DOCKET NUMBER

DATE 12/10/07 SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # 145371 AMOUNT $350.— APPLYING IFP JUDGE MAG. JUDGE

12/10/07