KAREN P. HEWITT
United States Attorney
CINDY M. CIPRIANI
Assistant U.S. Attorney,
California Bar No. 144402
Office of the U.S. Attorney
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7390
Facsimile: (619) 557-5004
Email: cindy.cipriani@usdoj.gov

Attorneys for Defendant
John Potter, Postmaster General
and United States Postal Service

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO BRIZUELA,<br><br>Plaintiff,<br><br>v.<br><br>JOHN E. POTTER, POSTMASTER GENERAL, UNITED STATES POSTAL SERVICE, and DOES 1 through 50, Inclusive,<br><br>Defendants. | Case No.: 07CV2313 JLS (POR)<br><br>ANSWER OF DEFENDANT JOHN POTTER AND UNITED STATES POSTAL SERVICE |

COMES NOW Defendant JOHN E. POTTER, POSTMASTER GENERAL and UNITED STATES POSTAL SERVICE, ("Answering Defendant"), by and through his attorneys, Karen P. Hewitt, United States Attorney, and Cindy M. Cipriani, Assistant United States Attorney, and in answer to Plaintiff's Complaint ("Complaint"), states as follows:

1. Answering Paragraph 1 of the Complaint, Defendant states that the allegations contained therein constitute conclusions of law and plaintiff's characterization of his case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

///

///

## JURISDICTION AND VENUE

2. Answering Paragraph 2 of the Complaint, Defendant states that the jurisdictional allegations contained therein constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

3. Answering Paragraph 3 of the Complaint, Defendant denies that venue is proper in this District.

4. Answering Paragraph 4 of the Complaint, Defendant is without sufficient knowledge to admit or deny the allegations contained therein and on that basis denies same.

5. Answering Paragraph 5 of the Complaint, Defendant admits that John E. Potter is Postmaster General of the United States Postal Service (referred to in the complaint as Postmaster), admits that the United States Postal Service is an independent establishment of the Executive Branch of the United States government (39 U.S.C. § 101), admits that the Postal Service is engaged in the transportation of U.S. Mail, and further admits that it does business in the County of San Diego, California.

6. Answering Paragraph 6 of the Complaint, Defendant admits that the Settlement Agreement referred to in paragraph 6 was entered into between Plaintiff and managers employed by the United States Postal Service in Amarillo, Texas on or about June 18, 1985. Defendant states that the document speaks for itself.

## PROCEDURAL AND FACTUAL BACKGROUND

7. Answering Paragraph 7 of the Complaint, Defendant states that the allegation contained therein constitutes a conclusion of law to which no answer is required; to the extent this allegation may be deemed an allegation of fact, it is denied.

8. Answering Paragraph 8 of the Complaint, Defendants admits that a file from its Southern Regional Office in Memphis, TN, contains documents referring to a formal complaint filed by Plaintiff on April 26, 1985, and states that the documents speak for themselves. Defendant specifically denies that it discriminated against Plaintiff at any time.

9. Answering Paragraph 9 of the Complaint, Defendant admits that a file from its Southern Regional Office in Memphis, TN, contains an agreement dated June 18, 1985 referencing Case No. 3-1-3246-5 and signed by Plaintiff; Donald S. Bloyd, Postmaster, Amarillo, TX; and Clarence R. Watkins, EEO Investigator. Defendant states that the document speaks for itself.

10. Answering Paragraph 10 of the Complaint, Defendant admits that the document referenced by Plaintiff exists and states that the document speaks for itself.

11. Answering Paragraph 11 of the Complaint, Defendant admits that there was correspondence between Plaintiff and the Postal Service in Amarillo, Texas in July of 1985, and states that the documents referenced by Plaintiff speaks for themselves.

12. Answering Paragraph 12 of the Complaint, Defendant admits that on July 31, 1985, Amarillo Postmaster Donald S. Bloyd sent a letter to Plaintiff, and states that the document referenced by Plaintiff speaks for itself. Defendant further responds that the remainder of the paragraph presents legal conclusions and questions of law to be determined solely by the court, and to which no answer is required.

13. Answering Paragraph 13 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein and on that basis denies same.

14. Answering Paragraph 14 of the Complaint, to the best of its knowledge Defendant admits that Plaintiff was not reinstated to Postal employment in Amarillo.

15. Answering Paragraph 15 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 15 or the allegation that the "Post Office . . . informed Plaintiff for the first time that he was required to request reinstatement within one year of his first request to remain active. . .." The remainder of the paragraph presents legal conclusions and questions of law to be determined solely by the court, and to which no answer is required. To the extent a response is required, the allegations are denied.

16. Answering Paragraph 16 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein and on that basis denies same.

///

17. Answering Paragraph 17 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein and on that basis denies same.

18. Answering Paragraph 18 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein and on that basis denies same.

19. Answering Paragraph 19 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein and on that basis denies same.

20. Answering Paragraph 20 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein and on that basis denies same.

21. Answering Paragraph 21 of the Complaint, Defendant admits that Plaintiff is not a Mail Handler and states that Plaintiff is currently employed by the Postal Service as a custodian.

22. Answering Paragraph 22 of the Complaint, Defendant denies, generally and specifically, each and every allegation contained therein.

23. Answering Paragraph 23 of the Complaint, Defendant denies, generally and specifically, each and every allegation contained therein.

24. Answering Paragraph 24 of the Complaint, Defendant admits the substantial truth of the allegations therein.

25. Answering Paragraph 25 of the Complaint, Defendant admits the substantial truth of the allegations therein, except for the allegation regarding timeliness, which is vague and represents a legal conclusion for the Court to determine.

26. Answering Paragraph 26 of the Complaint, Defendant admits the substantial truth of the allegations therein.

COUNT ONE

27. Answering Paragraph 27 of the Complaint, Defendant refers to Paragraphs 1 through 26 of his answer, and by this reference incorporates them herein as if set forth in full.

28. Answering Paragraph 28 of the Complaint, Defendant admits the substantial truth of the allegations therein.

///

29. Answering Paragraph 29 of the Complaint, this allegation presents legal conclusions and questions of law to be determined solely by the court, and to which no answer is required.

30. Answering Paragraph 30 of the Complaint, Defendant states that Paragraph 30 presents legal conclusions and questions of law to be determined solely by the court, and to which no answer is required.

31. Answering Paragraph 31 of the Complaint, Defendant admits that to the best of his knowledge Plaintiff has not been reinstated to employment with the Postal Service as a Mail Handler, and states that Plaintiff is currently working as a custodian for the Postal Service in San Diego.

32. Answering Paragraph 32 of the Complaint, Defendant denies, generally and specifically, each and every allegation contained therein.

33. Answering Paragraph 33 of the Complaint, Defendant denies, generally and specifically, each and every allegation contained therein.

34. Answering Paragraph 34 of the Complaint, Defendant denies that the Postal Service discriminated against Plaintiff and further denies that he is entitled to any relief whatsoever.

COUNT TWO

35. Answering Paragraph 35 of the Complaint, Defendant refers to Paragraphs 1 through 34 of the Answer, and by this reference incorporates them herein as if set forth in full.

36. Answering Paragraph 36 of the Complaint, Defendant admits the substantial truth of the allegations therein.

37. Answering Paragraph 37 of the Complaint, Defendant responds that the allegations present legal conclusions as to the proper interpretation of the agreement and further avers that the document referenced by Plaintiff speaks for itself. On that basis, Defendant denies the allegations.

38. Answering Paragraph 38 of the Complaint, Defendant responds that the allegations present legal conclusions as to the proper interpretation of the agreement and further avers that the document referenced by Plaintiff speaks for itself. On that basis, Defendant denies the allegations.

///

///

39. Answering Paragraph 39 of the Complaint, Defendant responds that the allegations present legal conclusions as to the proper interpretation of the agreement and further avers that the document referenced by Plaintiff speaks for itself. On that basis, Defendant denies the allegations.

40. Answering Paragraph 40 of the Complaint, Defendant responds that the allegations present legal conclusions as to the proper interpretation of the agreement and further avers that the document referenced by Plaintiff speaks for itself. On that basis, Defendant denies the allegations.

41. Answering Paragraph 41 of the Complaint, Defendant denies, generally and specifically, each and every allegation contained therein.

42. Answering Paragraph 42 of the Complaint, Defendant responds that this paragraph consists of Plaintiff's characterization of his complaint and request for relief, neither of which require a response. To the extent a response is required, Defendant denies discriminating against Plaintiff and further denies that he is entitled to any relief whatsoever.

COUNT THREE

43. Answering Paragraph 43 of the Complaint, Defendant references Paragraphs 1 through 42 of this answer and by this reference incorporates them herein as if set forth in full.

44. Answering Paragraph 44 of the Complaint, Defendant states that Paragraph 44 presents legal conclusions and questions of law to be determined solely by the court, and to which no answer is required. To the extent a response is required, Defendant denies the allegations.

45. Answering Paragraph 45 of the Complaint, Defendant states that the document referenced by Plaintiff speaks for itself.

46. Answering Paragraph 46 of the Complaint, Defendant has insufficient information to admit or deny the allegations therein. This allegation presents legal conclusions and questions of law to be determined solely by the court, and to which no answer is required. To the extent a response is required, Defendant denies the allegations.

47. Answering Paragraph 47 of the Complaint, Defendant denies, generally and specifically, each and every allegation contained therein.

///

48. Answering Paragraph 48 of the Complaint, Defendant denies, generally and specifically, each and every allegation contained therein.

49. Answering Paragraph 49 of the Complaint, Defendant denies, generally and specifically, each and every allegation contained therein.

50. Answering Paragraph 50 of the Complaint, Defendant responds that this paragraph consists of Plaintiff's characterization of his complaint and request for relief, neither of which require a response. To the extent a response is required, Defendant denies discriminating against Plaintiff and denies that he is entitled to any relief whatsoever.

PRAYER FOR RELIEF

Defendant responds that no response is required to Complainant's Prayer for Relief. To the extent a response is required, Defendant denies discriminating against Plaintiff and denies that he is entitled to any relief whatsoever.

AFFIRMATIVE DEFENSES

FIRST DEFENSE

1. Plaintiff has failed to state facts sufficient to constitute a claim against Defendant.

SECOND DEFENSE

2. Plaintiff's claims are barred by the applicable statutes of limitations or statutes of repose.

THIRD DEFENSE

3. Plaintiff's action is barred by virtue of the fact that he has failed to exhaust his administrative remedies.

FOURTH DEFENSE

(Failure to Mitigate)

5. Plaintiff failed to take reasonable steps to mitigate, alter, reduce, or otherwise diminish his alleged damages.

FIFTH DEFENSE

(Lack of Subject Matter Jurisdiction)

7. The court lacks subject matter jurisdiction over one or more of Plaintiff's claims.

SIXTH DEFENSE

(Legitimate Business Reasons)

8. The actions of Defendant were taken for legitimate business reasons and/or were based on business necessity.

SEVENTH DEFENSE

(Same Decision)

9. Defendant, while denying any unlawful motive, asserts he would have taken the same action absent discrimination.

EIGHTH DEFENSE

(Offset)

10. Plaintiff's damages must be offset by funds received from other federal sources.

NINTH DEFENSE

(Back/Front Pay)

11. Back and front pay are equitable remedies that can be determined only by the Court.

TENTH DEFENSE

(Estoppel)

12. Plaintiff has engaged in conduct and activities such that his claims for damages or any other relief against Answering Defendant are barred by the equitable doctrine of estoppel.

ELEVENTH DEFENSE

(Waiver)

13. Plaintiff has voluntarily, knowingly, and intentionally waived and relinquished any right to recovery sought against Answering Defendant.

TWELFTH DEFENSE

(Laches)

14. Plaintiff's claims are barred by the equitable doctrine of laches.

///

///

THIRTEENTH DEFENSE

(Unjust Enrichment)

16. Plaintiff's claims are barred by the equitable doctrine of unjust enrichment.

FOURTEENTH DEFENSE

(Lack of Venue)

17. This district is not the proper venue to pursue a claim for breach of a settlement agreement negotiated in Amarillo, Texas.

FIFTEENTH DEFENSE

18. Defendant presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional affirmative defenses. Answering Defendant reserves the right to assert additional affirmative defenses at a later time.

WHEREFORE, Defendant prays that Plaintiff take nothing by his complaint, for costs of suit incurred herein, and for all other relief that the Court deems proper.

DATED: February 19, 2008

KAREN P. HEWITT
United States Attorney

s/ Cindy M. Cipriani

CINDY M. CIPRIANI
Assistant U.S. Attorney
Attorneys for Defendants
Email: cindy.cipriani@usdoj.gov

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO BRIZUELA,<br>Plaintiff,<br>v.<br>JOHN E. POTTER, POSTMASTER GENERAL, UNITED STATES POSTAL SERVICE, and DOES 1 through 50, Inclusive,<br>Defendants. | Case No.: 07CV2313 JLS (POR)<br>CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED THAT:

I, the undersigned, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of :

ANSWER OF DEFENDANT UNITED STATES OF AMERICA (dated 02/19/08)

on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Douglas E. Geyman, Esq.
Attorney At Law
750 B Street, Suite 2635
San Diego, CA 92101
douglas@geyman.sdcoxmail.com

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

N/A

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 19, 2008.

s/Cindy M. Cipriani
CINDY M. CIPRIANI